## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                      )

ROBERT SPELLMAN                 )
14200 Laurel Bowie Rd         )
Laurel MD 20708             )
                                        )

        Plaintiff,          )           Civil Action No. 18-779
                                         )

        v.                    )
                                         )

WASHINGTON METROPOLITAN AREA   )
TRANSIT AUTHORITY           )
600 Fifth Street, NW            )
Washington, DC 20001        )
                                         )

        Defendant.        )
                                         )
_____ )

## COMPLAINT

Plaintiff Robert Spellman ("Mr. Spellman" or "Plaintiff"), by and through his attorneys, files this action and alleges as follows:

## NATURE OF ACTION

1. This is a challenge to Defendant's unlawful discrimination against and wrongful discharge of Plaintiff in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C § 701, *et seq*. ("Rehab Act").

2. Defendant willfully discriminated against Plaintiff based upon his disability in violation of the Rehab Act by: (1) terminating Plaintiff because of his disability and (2) failing to accommodate his disability.

3. To remedy the Defendant's discriminatory conduct as well as Plaintiff's termination, Plaintiff seeks back pay, front pay, compensatory damages, attorneys' fees and costs, injunctive relief, punitive damages, and other equitable relief this Court deems appropriate.

## JURISDICTION, VENUE, AND TOLLING

4. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

5. The United States District Court for the District of Columbia has subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

6. The Court has subject-matter jurisdiction pursuant to 29 U.S.C. § 794a(a), as this matter involves a civil action by an aggrieved person under the Rehab Act.

7. The Court has subject-matter jurisdiction pursuant to Washington Metropolitan Area Transit Regulation Compact.  D.C. Code § 9-1107.1.

8. The Court may properly maintain personal jurisdiction over Defendant because the Defendant conducts business in the District of Columbia.

9. Venue is properly laid in the District of Columbia because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred the District of Columbia.

10. On August 6, 2015 Plaintiff submitted an intake questionnaire with the U.S. Equal Employment Opportunity Commission ("EEOC") notifying the Commission that he wanted to pursue a charge of discrimination.

11. On August 17, 2015, Plaintiff executed a perfected charge.

12. On January 4, 2018, the EEOC issued Plaintiff a Notice of Right to Sue.

13. Plaintiff's Rehab Act claims have been tolled during the pendency of the EEOC's

investigation of his claim. *Alexander v. Washington Metro. Area Transit Auth.*, 826 F.3d

544, 551-552 (D.C. Cir. 2016) (per curiam).

## PARTIES

14. All of the allegations contained in the foregoing paragraphs of this Complaint are

incorporated by reference herein as if the same were set forth at length.

15. Washington Metropolitan Area Transit Authority ("WMATA" or "Defendant") is a public

transportation agency created by compact between the governments of Maryland, the District

of Columbia, and the Commonwealth of Virginia.

16. On information and belief, Defendant receives funding from the federal government.

17. WMATA's principal place of business is in Washington, DC.

18. Plaintiff is a former Station Manager in Defendant's the Office of Rail Transportation.

19. Plaintiff currently resides in Laurel, MD.

## FACTUAL ALLEGATIONS

20. All of the allegations contained in the foregoing paragraphs of this Complaint are

incorporated by reference herein as if the same were set forth at length.

21. In or around October 10, 2013, Mr. Spellman was injured in an accident which caused him to

be disabled.

22. On or around October 6, 2014, Defendant deemed Mr. Spellman medically disqualified

because of his disability.

23. Rather than engage in any interactive process with Mr. Spellman, Defendant placed him in its

"Section 124" alternative job placement program.

24. Under Defendant's Section 124 program, medically disqualified employees are permitted to apply for open positions, with no active efforts by Defendant to place the employees in open positions.

25. On or around December 1, 2014, Mr. Spellman submitted a doctor's note to Defendant clearing to return to duty with an accommodation.

26. Rather than engage in any interactive process with Mr. Spellman, Defendant continued to deem Mr. Spellman as medically disqualified and continued to place him in its alternative job placement program.

27. Before the EEOC, Defendant admitted that there had been no engagement in any interactive process with Mr. Spellman until May 2015.

28. On or around June 18, 2015, the Defendant's "ADA Accommodation Panel" finally met with Mr. Spellman.

29. After meeting with Defendant's ADA Accommodation Panel, Defendant failed to place Mr. Spellman in any vacant position for which he was qualified as an accommodation for his disability.

30. On November 24, 2015, Defendant stated that Mr. Spellman was not qualified for any position.

31. On December 2, 2015, Defendant stated to the EEOC that Mr. Spellman qualified for some vacant positions, but that he supposedly did not have seniority for the vacant positions.

32. On December 2, 2015, Defendant admitted that would cease making any efforts to accommodate Mr. Spellman after December 19, 2015.

33. Defendant's failure to place Mr. Spellman in an open position for which he was qualified is a constructive discharge.

## COUNT I: FAILURE TO ACCOMMODATE –
## FAILURE TO PLACE IN VACANT POSITION

34. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

35. After medically disqualifying Mr. Spellman due to his disability, Defendant referred Mr. Spellman to its alternative job placement program.

36. Defendant failed to place Mr. Spellman in a vacant position for which he was qualified.

37. Instead, Defendant required Mr. Spellman to apply for vacation positions using its normal job application procedures.

38. Only in June 2015 did Defendant take any action to even try accommodating Mr. Spellman.

39. However, Defendant continued to fail to place Mr. Spellman in a vacant position for which he was qualified.

40. Defendant's failure to place Mr. Spellman in vacant position that he was qualified for constituted a failure to accommodate Mr. Spellman's disability.

## COUNT II: TERMINATION BECAUSE OF DISABILITY AND
## AS A RESULT OF A FAILURE TO ACCOMMODATE

41. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

42. While Mr. Spellman was put in the alternative job placement program, Defendant did not pay Mr. Spellman a salary.

43. On December 1, 2014, Mr. Spellman requested an accommodation for his disability.

44. Mr. Spellman received no response from his accommodation request until in or around June 2015.

45. After June 2015, Defendant still failed to place Mr. Spellman in a vacant position.

46. Defendant's failure to place Mr. Spellman into a vacant position is a constructive discharge.

47. Defendant's stated reason for its failure to place Mr. Spellman is pretextual, as evidenced by

Defendant's contradictory statements about Mr. Spellman's qualifications.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court grant the following relief:

A.  Entry of judgment in favor of Mr. Spellman and against Defendant;

B.  Back pay;

C.  Reinstatement, or front pay in lieu of reinstatement;

D.  Compensatory damages;

E.  Attorneys' fees and costs; and

F.  Other such relief as may be appropriate to effectuate the purposes of the Rehab Act.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury

on all questions of fact raised by this Complaint.

Dated: April 5, 2018

Respectfully submitted,

/s/ Jeremy Greenberg
Jeremy Greenberg (1024226)
Denise M. Clark (420480)
Clark Law Group, PLLC
1250 Connecticut Ave, N.W.,
Suite 200
Washington, D.C. 20036
(202) 293-0015
jgreenberg@benefitcounsel.com
dmclark@benefitcounsel.com
*Counsel for Plaintiff*

Robert Fitzpatrick (040410)
Robert B. Fitzpatrick, PLLC
1666 Connecticut Avenue, N.W.
Suite 230
Washington, D.C. 20009-5728
(202) 588-5300
rfitzpatrick@robertbfitzpatrick.com
*Of Counsel*